**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRANCE ROBINSON<br>6020 Hazelhurst Street<br>Philadelphia, Pa 19151 | :<br>:<br>: | CIVIL ACTION |
| | : | NO.: _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELCO STEAKS, LLC | : | |
| 2567 West Chester Pike | : | **JURY TRIAL DEMANDED** |
| Broomall, PA 19008 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Terrance Robinson (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Delco Steaks, LLC (hereinafter "Defendant") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]   As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co v. State of Washington*, 326 U.S. 310 (1945), and its progeny.

3.    This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.    Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.    Plaintiff is an adult who resides at the above-captioned address.

8.    Delco Steaks, LLC is a Pennsylvania corporation that primarily operates in the restaurant industry, with a location at the above-captioned address.

2

9.      At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11.     Plaintiff is a black (African-American) male.

12.     Plaintiff was employed with Respondent as a Line Lead/Prep Cook for over 1 year, from in or about October of 2021, until his unlawful termination (discussed further *infra*) on or about November 17, 2022.

13.     Plaintiff was primarily supervised by Chief Operating Officer/Co-Owners, Steve Reynolds (Caucasian - hereinafter "SR") and General Manager, Deana Reynolds (Caucasian - hereinafter "DR").

14.     While employed with Defendant, Plaintiff was a hard-working employee who performed his job well.

15.     Upon Plaintiff's observations and belief, Defendant's work environment has been disparate and unfairly harsh toward black employees, as Defendant's Caucasian management and employees clearly favored Caucasian employees, while black employees were treated disparately and less fairly.

16.     For example, early in Plaintiff's employment with Defendant, he was prepping in the kitchen and a Caucasian employee slipped.  As Plaintiff caught the Caucasian employee from hitting the floor, another Caucasian/Hispanic kitchen employee, Lorenzo (last name unknown, hereinafter "Lorenzo") stated, "you better watch out, because black people like to take white people in the ass."

17.     Immediately after Lorenzo made the aforesaid racially discriminatory comment to Plaintiff (*see* Paragraph 16, *supra*), Plaintiff reported the incident to Human Resources ("HR"), wherein he provided a written statement.   Nonetheless, Plaintiff's concerns went unaddressed.

18.     A few weeks later, while working at the grill and in close proximity to Lorenzo, Plaintiff witnessed Lorenzo was mumbling the word "niggers" under his breath, loud enough for Plaintiff to hear, while scraping dirty grill residue onto Plaintiff's work.

19.     Plaintiff again reported Lorenzo's discriminatory conduct to HR, but shortly thereafter, Plaintiff found his aforesaid initial written complaint of race discrimination that he had provided to HR, torn up and in an envelope at Defendant's facility – indicating Defendant's clear refusal to address, much less even consider, Plaintiff's concerns of race discrimination.

20.     Plaintiff was thereafter moved to another of Defendant's buildings; however, in or about August/September of 2022, while Plaintiff was standing outside the building with a friend, Lorenzo stated loudly enough for Plaintiff to hear "fucking niggers, hate black people."

21.     Plaintiff did his best to ignore Lorenzo's aforesaid racially discriminatory comments/slurs, and then walked over to him to give him the key to get into the facility, but Lorenzo aggressively bumped Plaintiff's chest.

22.     Following the aforesaid racial slurs and physical harassment by Lorenzo in or about August/September of 2022, Plaintiff immediately went to DR and complained that she "had to do something" about Lorenzo as he was "continuously racist."   However, Plaintiff's concerns were again ignored.

23.     Instead, on or about November 17, 2022, in close proximity to Plaintiff's complaints of race discrimination, he was abruptly informed that he was being removed from the schedule that week so that Defendant could give his hours to a newly hired (May/June of 2022)

4

Caucasian employee, named Joe (last name unknown, hereinafter "Joe"), whom Plaintiff had trained.

24.    Plaintiff avers that the reduction of his hours/removal from the schedule was clear retaliation for his complaints of race discrimination by Lorenzo.

25.    When Plaintiff attempted to return to work/inquired about his schedule the following week, he was abruptly informed on or about November 21, 2022, that he had been terminated.

26.    Plaintiff believes and therefore avers, that he was subjected to a hostile work environment and terminated due to his race and in retaliation for his complaints of race discrimination.

**COUNT I**
**<u>Violations of 42 U.S.C. Section 1981</u>**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

27.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.    During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment, racial slurs, and demeaning and/or derogatory treatment because of his race.

29.    Instead of investigating Plaintiff's aforesaid complaints of and/or objections to race discrimination, Defendant's management ignored them and left his legitimate concerns unresolved.

30.    Plaintiff was ultimately terminated on or about November 21, 2022, for completely pretextual reasons.

31. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and retaliation because of his race and/or his complaints of/objections to race discrimination.

32. Plaintiff believes and also avers that his race was a motivating/determinative factor in the determination of his employment with Defendant.

33. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Section 1981.

**COUNT II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Tile VII")**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment, racial slurs, and demeaning and/or derogatory treatment because of his race.

36. Instead of investigating Plaintiff's aforesaid complaints of and/or objections to race discrimination, Defendant's management ignored them and left his legitimate concerns unresolved.

37. Plaintiff was ultimately terminated on or about November 21, 2022, for completely pretextual reasons.

38. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and retaliation because of his race and/or his complaints of/objections to race discrimination.

6

39. Plaintiff believes and also avers that his race was a motivating/determinative factor in the determination of his employment with Defendant.

40. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

7

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:   _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  April 25, 2023

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

|  |  |  |
|---|---|---|
| Terrance Robinson | : | CIVIL ACTION |
| v. | : |  |
|  | : |  |
| Delco Steaks, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

| 4/25/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __6020 Hazelhurst Street, Philadelphia, PA 19151__

Address of Defendant: __2567 West Chester Pike, Broomall, PA 19008__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/25/2023__    _____    __ARK2484 / 91538__
                       *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify): _____*

*B.    Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __4/25/2023__    _____    __ARK2484 / 91538__
                       *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROBINSON, TERRANCE

**(b)** County of Residence of First Listed Plaintiff _Philadelphia_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

DELCO STEAKS, LLC

County of Residence of First Listed Defendant _Delaware_
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

### REAL PROPERTY
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

### CIVIL RIGHTS
- 440 Other Civil Rights
- 441 Voting
- X 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

### LABOR
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

### IMMIGRATION
- 462 Naturalization Application
- 465 Other Immigration Actions

### BANKRUPTCY
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

### SOCIAL SECURITY
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

### FEDERAL TAX SUITS
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
SECTION 1981 (42USC1981); TITLE VII (42USC2000);

Brief description of cause:
Violations of the Section 1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes 'No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 4/25/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print | Save As... | Reset